Per Curiam.

The question is, as to the operation of a certificate of probable cause to stay proceedings.(a) The *638 4th rule of January, 1799, settles that, at the time of service of the order, it must be accompanied - with a notice of motion. The right of the opposite party .to notice for argument, does not take away the necessity of no-[*507] tice, for the mere certificate itself *is no stay. The defendant, therefore, can take nothing by his motion and must pay the costs of the present application.
Motion denied, with costs.

 The necessity of accompanying a certificate of probable cause, with a notice of motion, is settled by the case in the text. On a non-enumeratod motion it suspends the proceedings, during the term for which the notice is given, (4th Rule, January, 1199,) if the certificate be in general terms. If only till the 4th day of term, and there be then such a press of business, that the non-enumerated lay over, the certificate is by operation of law enlarged till the next non-enumerated day. Caines’ Prac. 35. Where a certificate is granted after the 4th day of term, it enlarges the time for *638 moving in arrest of judgment to any other day. Bayard v. Malcolm, 1 Johns.’Rep. 310. If the motion be enumerated, it suspends the cause till heard, or the certificate be vacated. Jackson v. Brownell, 3 Caines’ Rep. 151. To give effect to the certificate, a copy should be served; a mere notice oí it is not enough. Cheetham v. Lewis, 2 Johns. Rep. 104. To bring a party into contempt for disobeying the certificate, the original should be shown at the time of serving the copy. Howland v. Ralph,. 3 Johns. Rep. 20. There is no difference in the practice .under an order to stay proceedings, and a certificate- of probable cause.
As to staying proceedings on making a case see also Graham’s Prac., 2d ed. 334; 2 Wend. 246; 1 Cowen, 598; Code of Procedure, secs. 401, 264, and 348; and ante, p.