. SANFORD *against* MICKLES and FORMAN.

Where a note, payable on demand, was negotiated, 5 months after its date, and there were several payments indorsed prior to its transfer, in an action by the indorsee, the maker was not allowed to set up any defence, as against the payee, or to impeach the amount due on the face of the note, at the time of its transfer.

One partner, after a dissolution of the copartnership, cannot indorse notes or bills, given before to the firm, though he is authorised to settle the copartnership concerns.

THIS was an action of *assumpsit.* The declaration contained two counts; one on a promissory note, dated the 14th *June,* 1806, given by the defendants to *Brown* and *Olmstead,* for 1,249 dollars and 56 cents, payable on demand, and indorsed by *Brown* and *Olmstead,* to the plaintiff. The second count was for money had and received, to the use of the plaintiff. Plea, *non assumpsit,* with notice of set-off. The cause was tried at the *Onondaga* circuit, in *September,* 1808. The note was signed *S. Brown,* jun. for *Mickles &* *Co.* and his authority to make the note was proved.

The indorsement on the note was in the hand-writing of *Olmstead,* and in the words following : " *November* 15, 1808. Pay the contents to *Benjamin Sanford.* *William Olmstead,* for the late firm of *Brown* and *Olmstead.*" The partner-

NEW-YORK,
May, 1809.

Sanford
v.
Mickles and
Forman.

ship of *Brown* and *Olmstead* had been dissolved by mutual consent, before the indorsement was made. At the time of the dissolution, it was agreed, that *Olmstead* should take the stock in trade, collect and receive the outstanding debts, and pay the debts due by the partnership ; but no authority to indorse notes, or to use the name of the firm in any manner, was shown. The defendants' counsel objected, that *Olm-stead* having no authority to indorse the copartnership name, after a dissolution of partnership, the plaintiff could not recover on the note, but this objection was overruled. The defendants then offered to prove, that the note was given by *Brown*, the clerk of *Mickles & Co.* for the balance of accounts adjusted by him, and in which he included not only the demands of *Brown & Olmstead* against the firm of *Mickles & Co.* but also what was due from the defendants individually, and that the clerk had no authority to adjust any demands against the defendants, in their separate capacities, but this evidence was objected to and overruled. The defendants then offered to prove, that in the adjustment of the accounts for which the note was given, there were several errors, which, if corrected, would materially reduce the balance, and the amount due on the note, but this testimony was objected to, and overruled by the judge. Several payments were indorsed on the note, the last of which was on the 25th *October*, 1806. The jury found a verdict for the plaintiff, for the balance due on the note, after deducting the payments indorsed.

On the motion to set aside the verdict, and for a new trial, two questions were raised :

1. Whether one partner, after a dissolution of the partnership, can indorse a note given to the firm, so as to enable the indorsee to maintain an action in his own name against the firm ?

2. Whether a note, payable on demand, indorsed five months after date, on which sundry payments are indorsed at the time, is to be considered as due at the time of its being negotiated, so as to entitle the makers to set up any de-

Sanford
v.
Mickles
and Forman.

fence against the indorsee, which they might have done in an action brought by the original payee?

*Kirkland*, for the defendant, as to the first point, cited *Lansing* v. *Gaine & Ten Eyck*, (2 *Johns. Rep.* 302.) *Hackley* v. *Patrick*, (3 *Johns. Rep.* 536.) *Kilgour* v. *Finlyson and others*, (1 *Hen. Black.* 155.) and *Abel* v. *Sutton*, (3 *Esp. Cases*, 108.)

As to the second point, he contended, that the payments indorsed on the note, between its date and the time of its transfer, showed that payment had been demanded, and that the note was actually due; and that this was sufficient to put the plaintiff on the inquiry. In the case of *Furman* v. *Haskin*,[*] the court decided, that a promissory note, payable on demand, negotiated by the payee, eighteen months after it was made, was to be considered as due and dishonoured, and that the indorsee took it on the credit of the indorser, and subject to all the equities existing between the original parties. A note, payable on demand, must be presented in a reasonable time, otherwise it will be considered as dishonoured, and what is a reasonable time, is a question of law,[†] arising from the facts found by the jury.

[*] 2 *Caines' Rep.* 369.

[†] 1 *Term Rep.* 168. 3 *Term Rep.* 80 7 *Term Rep.* 422. *Chitty on Bills,* 2d *Ed.* 98. 100. 197, 198, 199.

*Gold*, contra. 1. The indorsement in the name of the firm or the payees, by one of the partners, was merely to enable the plaintiff to recover in his own name. It created no new responsibility on the part of the partners. The objection does not lie in the mouth of the party, who is subjected to no new responsibility. The authority of *Olmstead* to indorse the copartnership name, necessarily arose from the transfer of the partnership stock and outstanding debts to him. In the cases cited, the indorsement went to create a new responsibility.

2. In the case of *Furman* v. *Haskin*, the note was negotiated 18 months after it was made; in the present case, 5 months only had elapsed. It is true, that payments are indorsed on the note; and the last indorsement is strong

evidence that all prior payments were correctly indorsed, and that the defendants had really no ground to object to the payment of the sum due as it appeared on the note.

YATES, J. delivered the opinion of the court. 1. It has been decided in the case of *Furman* v. *Haskin*, (2 *Caines*, 369.) that a note payable on demand, indorsed after a lapse of eighteen months, was to be considered as dishonoured and over due, and that the indorsee took it liable to every defence which might have been made by the payee. It is, however, not decided, that a note payable on demand, and indorsed within a shorter period than eighteen months, would not be attended with the same consequences; each case ought, perhaps, to be governed by its own peculiar circumstances. In the one now before us, a number of payments have been indorsed, and the last but a few days prior to the assignment, and about five months after its date. From the last indorsement, it may be presumed, that all antecedent payments had been noticed and entered in the same manner; the plaintiff had a right to consider the amount due at the time of the transfer, after deducting the payments to be the true balance; the defendant was, therefore, properly prevented from impeaching the note, as given for too large a sum.

2. The authority which exists during the continuance of a partnership, from one partner to bind his copartner, ceases on its dissolution; and with respect to antecedent debts contracted during the partnership, the power to receive payments and give discharges, rests on the same principle with that of joint obligees or payees of a note, not otherwise connected as partners. The cases cited have been determined with a view of protecting one partner from a responsibility which might be created against him, in consequence of the negotiation of bills by the other, after the dissolution. It is impossible to separate the right to indorse a bill by one, passing the title, from the legal responsibility on all those having an interest in it.

NEW-YORK,
May, 1809.

The decided manner in which Lord *Kenyon** denies the right of one partner, after a dissolution of the partnership, to indorse bills given before, if he even had authority to set‑ tle the partnership accounts, induces me to believe the doc‑ trine as settled, It would be a peculiar hardship to put a partner, retired from the whole concern, so completely in the power of the other, as to charge him, by negotiating bills given during the partnership. This power being denied, it follows, that they must all join in the transfer of a bill ne‑ gotiated after the dissolution, for the purpose of vesting the title in the indorsee. The court are, therefore, of opinion, that the verdict must be set aside, and a new trial be granted.

New trial granted.