ANDREW MILLER, plaintiff in error *v.* MOSES O. BLEDSOE and B. F. TURPIN, defendants in error.

*Error to the Municipal Court of the City of Alton.*

At law, a moiety, or any other portion of a promissory note, cannot be so assigned as to enable the assignee to bring an action in his own name, for his portion of the note.

In order to enable an endorsee or assignee of a note to bring an action in his own name, the whole interest in the note must be assigned to him.

Where a note was made payable to B. and T., and T. endorsed and assigned his interest in the note to B., and an action was instituted on the note in the name of B. and T., for the use of B.; *Held* that the action was correctly brought; and that B. and T. were the legal holders of the note, though the interest of the assignee of the moiety, would be protected in a court of law; and that the

endorsement of T. upon the note, could be regarded only as a private memoran-
dum between the payees.

A. COWLES and J. KRUM, for the plaintiff in error.

J. RUSSELL BULLOCK and EDWARD KEATING, for the defend-
ants in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* brought in the Court below,
by Bledsoe and Turpin against Miller, on a promissory note.
On the trial of the cause, the plaintiff below produced and offer-
ed to read a note in evidence to the jury, in the following words,
to wit,

"Lower Alton, Ill., April 18, 1836.

Two years after date, I promise to pay to the order of M. O.
Bledsoe and B. F. Turpin, two hundred and eighty dollars, value
received, negotiable and payable at the Branch of the Illinois
State Bank at Alton.                        ANDREW MILLER."

Upon the back of which note, there is in writing the following
endorsement:

"I assign my interest in the within, to M. O. Bledsoe, without
recourse in any event.                        B. F. TURPIN."

A witness was sworn, who testified that the signature to said
endorsement was in the hand writing of B. F. Turpin, one of the
plaintiffs. To the reading of which note in evidence, the defend-
ant objected, but the Court overruled the objection and admitted
the note. Other testimony was offered by the defendant, and
rejected, but it is unnecessary to state it, as it only tended to
prove the fact, which was sufficiently established, that Turpin had
parted with his interest in the note, to Bledsoe.

It is only necessary for this Court to decide whether the note
was admissible in evidence. At law, a moiety, or any other
portion of a promissory note, cannot be so assigned as to enable
the assignee to bring an action in his own name, for his portion
of the note. Had Turpin assigned his half of the note to a third
person, that third person could not have united with Bledsoe, in
bringing the action, for they would have to sue in different capa-
cities, Bledsoe as payee, and the third person as endorsee. The
same result would follow, if Bledsoe had brought the action in
his own name; he would have had to declare for a moiety of the
note as payee, and for the remainder as endorsee. This would
lead to much confusion and complexity in pleading   In order
therefore, to enable an endorsee of a note to bring an action in
his own name as endorsee, the whole interest in the note must
be assigned to him. The interests of an assignee of part of
a note, would doubtless be protected in a court of law, but the
action must be brought in the name of the payee or payees, who

continue to be the legal holders of the note for the purpose of collection. The endorsement on the note, can only be regarded as a private memorandum between the payees, and only vested in Bledsoe an equitable title to the money when collected. The Court consequently decided correctly in receiving the note in evidence, and in rejecting the parol evidence.

The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See Ransom v. Jones, *Ante* 291-2, and notes.

Where a note is made payable to two persons, one of them may by his endorsement convey his interest in it to the other, so as to give the latter a right to sue on it in his own name alone. Bayley on Bills 115, citing Sneed v. Mitchell, 1 Hayw. N. C. R. 289.

A partnership may by endorsement transfer the title to a bill or note to one partner, even where the partner claiming as endorsee of the partnership, was the person who made the endorsement. Russell v. Swan, 16 Mass. 314; Kirby v. Cogswell, 1 Caines 505.

On a bill or note payable to A., for the use of B., the right to transfer is in A. Evans v. Cramlington, Carth. 5; 2 Vent. 307; Skinn. 264.

On a bill or note payable to several persons, not in partnership, the right to transfer it is in all collectively, not in any individually. Carvick v. Vickery, Dougl. 2d ed. 653, n. 134.

Where a note is payable to two joint executors, one of them cannot transfer the note by his separate endorsement. Smith v. Whiting, 9 Mass. 334. See also Bank of Chenango v. Root, 4 Cowen 126; Ballou v. Spencer, 4 Cowen, 163; Lowell v. Reding, 9 Greenl. 85.

After the death of one partner, the surviving partner may transfer by endorsement a bill or note payable to the partnership. Jones v. Thorn. 14 Martin 463.

But after the dissolution of a co-partnership, one partner cannot by his endorsement in the partnership name, vest in the endorsee the title to a bill or note payable to the partnership. Sanford v. Mickles, 4 Johns. 224.

A partnership may make a note payable to one partner, and an endorsement by him will vest a good title in the endorsee, who may sue the partnership upon the note. Smith v. Lusher, 5 Cowen 688; Blake v. Wheadon, 2 Hayw. N. C. R. 109. See Bayley on Bills 49, 50, 115, 116.