Gkeen, J.
delivered the opinion of the court.
This is an action of debt upon a note executed by Dickerson to Walker and White, and after the dissolution of the firm of Walker and White, it was assigned to the plain tiff by Carter White, one of the late firm of Carter and White. The defendant pleaded no assignment; and the question was, *54 whether one partner, after the dissolution of the partnership could, without the assent oi the other partner, endorse a note, payable to the firm before the dissolution, so as to pass the legal title in the note to the assignee. The circuit court decided that the assignment was good to vest the legal title in the plaintiff, so that he might maintain this action in his own name. There was a verdict and judgment for the plaintiff, to reverse which, this writ of error is prosecuted. We think there is error in the judgment in this cause. The power (Which one partner has to bind his co-partner, ceases on the dissolution of the firm; otherwise his co-partners might still charge him by negotiating bills given during the partnership or notes executed to the firm. We concur with the supreme court of New York, in the case of Sanford vs. Nickles and Forman, 4 John. Rep. 224, where it says, “it is impossible to separate the right to endorse a bill by one passing the title from the legal responsibility on all those having an interest in it.” Let the judgment be reversed.