WAITE *versus* FOSTER & *al.*

Of two joint debtors, though not co-partners, if one give a note for the debt, signed in their joint names as co-partners, a ratification by the other gives validity to the note as against both.

A subsequent promise by such other debtor to pay the note, made with a full knowledge of the facts, is a sufficient ratification.

An indorsement "without recourse" of a promissory note, creates no liability upon the indorser, and operates merely as a transfer of the property.

ON FACTS AGREED.

ASSUMPSIT by the indorsee against the makers of a promissory note.

SHEPLEY, C. J. — The case is presented for decision upon

an agreed statement composed in part of the testimony of two witnesses, John and Robert Stickney, who were formerly partners in trade under the firm name of John Stickney & Co.

The note was *signed* by one of the defendants by the name of L. C. & W. W. Foster and made payable to John Stickney & Co. or order.

The partnership of the defendants or the right of one thus to use the name of the other is denied.

It appears, that a contract was signed by each of the defendants making themselves liable to the firm of John Stickney & Co. for goods purchased "to carry on a lumbering concern," in which both were interested; and the note was made in payment of a balance due for those goods.

John Stickney states that he wrote the note, and that it was signed, he thinks, by Leonard Foster and that both were present, but he is not certain of it. He only judges, that they were from his general practice.

Robert Stickney states, that the supplies were advanced to them as partners, and charged to L. S. & W. W. Foster; that he never should have so charged the goods, unless he had been directed by them to do so; that he thinks both were present, when the note was made; that he has repeatedly asked both of them to pay the note, and they have always said, that they would pay it.

The defendants are thus proved to have been jointly interested in the business, for which the goods were supplied and the note given. If it may be doubtful, whether they were partners, or whether both were present, when one of them signed it, there can be none, that both have repeatedly promised to pay the note. If Leonard signed the name of W. W. Foster without authority, the promise of the latter to pay it with a full knowledge of all the facts would amount to a ratification of that assumed authority; and it would seem, that he must have known all the facts, when he made those promises. This branch of the defence therefore fails.

It is further contended, that the plaintiff acquired no legal

title to the note by the indorsement without recourse of the firm name of John Stickney & Co. made by John Stickney after the dissolution of that partnership.

By the terms of the dissolution John Stickney was authorized to settle the affairs of the partnership ; and before the indorsement was made he had purchased of Robert all his remaining interest in the partnership property and effects, including this note, and had paid him therefor.   By that sale the property in this note was entirely vested in John Stickney, who had the same right to use and dispose of it, as he would have had if Robert had never been interested in it.

He could make no contract respecting it, by which Robert would be made in any manner liable.   An indorsement without recourse does not assume to make him thus liable.   It is simply a transfer of the property.   When Robert sold his interest in the note, he must have intended to give to the purchaser an entire control over it and a right to dispose of it as he pleased.   This was equivalent to a parol authority to sell it ; and that has justly been held sufficient to authorize the indorsement of a note by the partnership name, after a dissolution of the partnership.   *Gale* v. *Eames*, 1 Metc. 486. John Stickney, by making such an indorsement on this note, has not in any manner violated his duties to the partnership formerly existing or to his former partner.

This is not only an indorsement by one member of the former firm by the use of the partnership name, by the consent of the other, inferred from his having sold all his interest in it and thereby authorized him to dispose of it without any other act to be performed ; but the other partner after the indorsement became known to him appears to have fully approved of it, and thereby ratified the act.

*Defendants defaulted.*

*Dyer*, for the plaintiff.

*J. Granger*, for the defendants.