LUMBERMAN'S BANK *versus* SAMUEL PRATT.

One partner cannot bind his co-partners by indorsing, in the firm name, a note given *after* the dissolution of the partnership, to renew a note given *before* the dissolution.

If one partner indorse a note with his own name, given after dissolution of the partnership, but running to the firm, he is liable thereon in an action by the indorsee.

ON EXCEPTIONS to the ruling of CUTTING, J.

ASSUMPSIT against the defendant as indorser of a promissory note running to Samuel Pratt & Co. The facts are fully stated in the opinion.

*G. P. Sewall*, for defendant.

*J. H. Hilliard*, for plaintiff.

The opinion of the Court was drawn up by

KENT, J.—This action is against the defendant, as indorser of a note, which, on its face, is payable to Samuel Pratt & Co., and which was indorsed to plaintiffs by Samuel Pratt in his individual name. The facts proved, upon which the ruling of the Judge was based, were *that*, at the date of the note, no such firm existed, it having been dissolved some time previous; *that* Butters, the payee in this note, had given a prior note to the firm, which had been discounted by the plaintiffs, and which fell due on the day of the date of this note, and after the dissolution of the co-partnership; *that* the first note was indorsed in the partnership name, before the dissolution, and, at the time it fell due, Hoskins, the partner of Pratt, was absent in the army, and gave no assent to any waiver of notice. Pratt, however, did waive notice, by requesting the cashier not to protest it on the day it fell due. As this was done after the dissolution, Pratt alone became responsible to the bank, as indorser of that note. The note in suit was brought to Pratt by the payee, (Butters,) on the same day, and Pratt indorsed it in his own name, and it was then discounted by the bank. It also appeared that Pratt had notified the cashier, some days before this note was made, that the co-partnership had been dissolved. Due demand and notice were proved.

The Judge ruled that, on this state of facts, the action could be maintained against the defendant as indorser.

It is evident that Pratt had no authority to indorse this new note in the name of the firm, so as to bind his former partner. *Sanford* v. *Mickles*, 4 Johns., 224.

At the time this note was made, there was no such firm in existence as is therein named.

It was therefore made payable to a co-partnership which had been dissolved, and not in payment of a debt for which the firm was then liable; Pratt alone being responsible to the bank, by reason of his waiver.

An essential fact, in determining the liability of a party

Lumberman's Bank *v.* Pratt.

as indorser, is whether the parties intended that the transaction should be an indorsement, with all the rights and liabilities of an indorser. In this case there can be little doubt that the defendant so intended. He knew that the co-partnership had been dissolved. He had given the other party notice of that fact. He had no right to indorse it in the name of the firm.

The name of the firm had been inserted by mistake or inadvertently. It was decided by the Supreme Court of the United States, in *Pease* v. *Dwight*, 6 Howard, 190, that, where a note had been made on its face payable to the order of several persons, and the name of one was inserted inadvertently or by mistake, and the note was indorsed and delivered by the real payees, without the indorsement of the person whose name was inadvertently used, an action against the actual indorsers might be maintained.

In this case, the note was payable to the defendant by name, although the addition of the "Co." was made. He evidently regarded this as a mistake or inadvertence, for he disregarded the addition, and indorsed it in his own name. Both parties must have so regarded it, for they both knew that there was no such firm in existence. Having thus indorsed it, and passed it, we think he cannot now avoid the liability which he deliberately assumed. Another view will lead to the same result. The note was made payable to a non-existent party; known to be such by both parties. It is like a note payable to a fictitious person, or one in which the name of the payee is left blank. It has been often held that, in such cases, the title might pass without any indorsement, in the name of such fictitious person, especially if both parties knew all the facts. *Elliot* v. *Abbott*, 12 N. H., 549 ; *Foster* v. *Shattuck*, 2 N. H., 446.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, DAVIS, DICKERSON and BARROWS, JJ., concurred.