JOHN HULL BROWNING, RESPONDENT, *v.* OLIVER W. MARVIN, APPELLANT.

*Bankruptcy of one member of a firm—right of the survivor to transfer the assets thereof—an objection to the non-joinder of parties must be taken by answer or demurrer.*

After one member of a firm has been adjudged a bankrupt and has executed an assignment to his assignee, the solvent partner and such assignee must join in an action to collect a claim due to the firm.

This action was brought to collect a claim due from the defendant to the firm of Domett & Nichols, to which the plaintiff claimed to have acquired title by virtue of a transfer thereof made to him by Henry W. Domett, one of the members of the firm, on March 26, 1877. Upon the trial, the defendant, who denied the assignment in his answer offered to prove that Nichols had, in November, 1875, been adjudged a bankrupt and made an assignment to the assignee appointed in the bankruptcy proceeding.

*Held,* that the court erred in rejecting the evidence.

That as the plaintiff had not shown that he had taken the assignment of the claim in good faith, without notice of the bankruptcy of Nichols, and for a valuable consideration or in satisfaction of some adequate partnership demand existing in his favor, he had no right to sue to enforce the payment thereof.

That if upon a new trial he should show that he had so taken the assignment, he would be entitled to recover the interest of his assignor in the claim, as no objection to his omission to join the assignee in bankruptcy of Nichols as a party had been taken by the answer.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought upon an assignment of a claim existing in favor of the firm of Domett & Nichols, a portion of which was

embraced in a promissory note for $375, made by the defendant to the order of one H. W. Domett, a member of the firm of Domett & Nichols. The claim was for overdrafts of his salary, made by the defendant, a clerk in the employ of the said firm. The plaintiff claimed title to the claim by an assignment made by Domett in the firm name, and to the note by virtue of an assignment thereof made by H. W. Domett, on March 26, 1877. The defendant by his answer denied, among other things, that the plaintiff was the holder and owner of the note, or that the same had been assigned to him.

*Henry C. Wilcox,* for the appellant. Under a general denial the defendant is always at liberty to disprove anything which the plaintiff is required to establish to maintain his action. (*Allis* v. *Leonard,* 46 N. Y., 688; *Andrews* v. *Bond,* 16 Barb., 633; *Robinson* v. *Frost,* 14 Id., 536; *Wheeler* v. *Billings,* 38 N. Y., 263; *Greenfield* v. *Massachusetts Mutual Life Ins. Co.,* 47 Id., 430; *Brown* v. *Elliott,* 4 Daly, 329; *Schaur* v. *Manhattan Gas Co.,* 45 How Pr., 418, 482; *Miller* v. *Decker,* 40 Barb., 228; *O'Brien* v. *Mc Cann,* 58 N. Y., 373.) Domett could not deal with the partnership property after the adjudication in bankruptcy, nor make any valid assignment or transfer thereof. (3 Kent's Comm., 12 ed., 59, 63, 64; Story on Partnership, § 336; *Sanford* v. *Mickles,* 4 Johns., 224, 228; *Gerthier* v. *Trustees, &c.,* 2 Barb., 625.)

*Joshua M. Van Cott,* for the respondent.

DANIELS, J. :

The first objection taken to the judgment is that the demands in suit had been purchased for the benefit of an attorney, who was interested in the prosecution of this action for the recovery of the amount of them. Evidence was given, indicating the fact to be, that the attorney had exerted himself in obtaining the purchase of the demands in suit. But neither that which was given, nor that which was offered and rejected, nor both together, were sufficient to show that the demands were in fact purchased by the attorney, or that he was in any way or manner interested in them. But the evidence was really the other way, showing that the attorney had no interest whatever in either of the demands.

They were owing to the firm of Domett & Nichols, and in their joint names the demands were assigned to the plaintiff by Henry W. Domett, one member of the firm. This assignment was executed on March 26, 1877, and the defendant, who denied the assignment by his answer, offered to show that Nichols, the other member of the firm, had been adjudged a bankrupt, and on November 26, 1875, made an assignment to the assignee appointed in the bankruptcy proceedings. This was rejected, and the defendant excepted to the decision excluding the evidence. A further offer was made to prove that Domett, the other partner, had also been adjudicated a bankrupt on June 1, 1876, and that an assignee of his estate had been appointed on that day. But what since then has become of this last proceeding was in no manner disclosed by the offer.

That taken against Nichols was clearly effective, and vested his interest in the firm property in his assignee, before the assignment of these demands was made to the plaintiff. And if the assignment had not been made, an action for their recovery could only have been maintained in the joint names of the other partner and the assignee of Nichols. (*Graham* v. *Robertson*, 2 Durn. & East, 282; *Eckhardt* v. *Wilson*, 8 Id., 140; *Murray* v. *Murray*, 5 Johns. Ch., 60.) The principle is briefly and concisely stated in the last case, that the solvent partner and the assignees of the bankrupt cannot sue alone, but they must unite in actions at law. (Id., 70.) It is a legal consequence of the fact of the bankruptcy of one of the members of the firm, which has the effect of dissolving the partnership, and vesting his interest in the property in his assignee. (Story on Partn., 6 ed., §§ 313, 337, 338.)

By the dissolution, the existence of the firm for new transactions was at an end. And neither of the members after that could transfer the firm property by any act of his own, unless it should be done bona fide, and to a person entitled to notice, but who received none, prior to the making of such transfer. (*Sanford* v. *Mickles*, 4 Johns., 224; *Geortner* v. *Trustees of Canajoharie*, 2 Barb., 625; *Lusk* v. *Smith*, 8 Id., 570.) The most that has been affirmed, as to the power of a solvent partner after the bankruptcy of his associate is, that he may still proceed in the settlement and distribution of the assets of the firm, and sell its effects for a valuable considera-

tion, without fraud. (*Murray* v. *Murray, supra.*) This was held, on the authority of *Fox* v. *Hanbury* (Cowp., 445), when certain consignments of partnership property, made after the commission only, of an act of bankruptcy, by one of the partners to a purchaser for value, having no knowledge or notice of the act, but who acquired the property in good faith, were maintained. Neither the principle stated nor this authority extends far enough to sustain the assignment made to the plaintiff. For it did not in any manner appear to have been made for a valuable consideration, or that he received it without knowledge or notice of the bankruptcy of the other member of the firm, or the proceedings consequent upon it. And no authority has extended so far as to sustain a transfer of partnership effects by one partner, upon such a state of the proof. Neither a bona fide sale was shown, nor an application of these particular demands to the satisfaction of partnership obligations, which possibly might be sufficient to sustain the assignment. (*Amsinck* v. *Bean*, 22 Wall., 395, 403.) The validity of the assignment stood upon the simple fact of its execution and delivery by one of the members of the firm, and the proof offered, if it had not been rejected, would have shown that the partnership had previously been dissolved, and the interest of the other partner in its assets had passed to the official assignee provided for by the bankrupt law. That would have exhibited a state of facts rendering the assignment the act only of the partner by whom the firm name was subscribed to it, and for that reason, ineffectual as a complete transfer, without further evidence sustaining it, and showing the plaintiff to have been a bona fide purchaser, for a valuable consideration, or to have received it in satisfaction of some adequate partnership demand, existing in his favor.

The evidence which the defendant offered was admissible under the issue, for that controverted the plaintiff's right as the assignee of the demands in suit. If it had been received, it would have shown that the plaintiff had no such title as would authorize him to recover any greater interest in the demands in suit than the partner executing the assignment could himself transfer. And, from the nature of the allegations made concerning it in the complaint, that was legal evidence under the denials contained in the

defendant's answer. (*Robinson* v. *Frost*, 14 Barb., 536; *Andrews* v. *Bond*, 16 Id., 633; *Allis* v. *Leonard*, 46 N. Y., 688.) The right of the plaintiff was put in issue, and this was pertinent evidence to prove that it did not exist. If it had been received, the case might still have been maintained if the plaintiff could establish the facts which would entitle him to the protection of the legal principles already stated. But without that, his recovery would be reduced to whatever he might appear to be entitled to, as the assignee of the individual by whom the assignment was executed. To that extent a recovery can in any event be had, for the reason that no objection to the omission to join the assignee in bankruptcy was taken by the answer. That failure formed a waiver of the objection that there was any defect of parties in the action. (Code Civ. Pro., §§ 498, 499.) But it did not deprive the defendant of the right to insist that the recovery should be restricted to the extent of the interest actually secured by the plaintiff, by means of the assignment made to him. The judgment should be reversed and a new trial ordered, with costs to defendant to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.