Parker, C. J.,
delivered the opinion of the Court. It is very clear that the first count in the declaration cannot be supported. It sets forth an assignment of a chose in action, without averring such facts, as alone constitute an assignment, so as to give a right of action to the assignee.
The second count is maintainable; for it avers an endorsement of the note by Jeffrey & Russell, the payees, to Joseph Russell, one of them; and it is certainly competent for partners, or other joint payees of a negotiable note, to assign it to one of the firm, or one *263 of the joint payees, with the same effect that an assignment to any other person would have.
The only question is, whether it appears in the second count, that the action is brought by the plaintiff, as executrix of the original promisee; for if it is not, the exception in the statute of limitations, on which the replication is founded, does not apply.
Now, we must consider the plaintiff’s title to be such as she has set forth in her count. She is the executrix of Joseph Russell, one of the payees ; but in this suit he appears only in the character of endorsee. She can have no right of action, as his representative, in any other capacity : for by law the promise would survive to the other payee, on the death of Russell, and his executrix could have no legal interest in the note. If Russell survived Jeffrey, the action should have been brought differently, * aver- [ * 317 ] ring the fact that transmitted the right to Russell by survivorship; and in that case the replication would have been good.
But we are bound to consider the plaintiff’s only title as derived from the endorsement by Jeffrey Of Russell to Russell; so that the action is not brought by the representative of the original promisee, within the intent of the statute. We are not bound to inquire into the reason of this exception in favor of the first parties to a note; but it is probable, the object of the legislature was to check the negotiability of outstanding notes, and facilitate equitable set-offs by the debtor