## LOGUE v. SMITH.

Negotiable paper—law of the remedy and of the contract—endorsement to a joint endorsee—oyer—erasure.

Under the act of 1810 a bond was negotiable by endorsement, so as to give the endorsee a right to sue in his own name.
The act of 1820 restricts this negotiable character to bonds payable to *order*, to *bearer*, or to *assigns*.
Paper negotiable at the place where sued, may be sued under the law of that place, although not negotiable at the place where made.
When negotiable paper is indorsed to A and B jointly, a subsequent endorsement by B to A of his interest, will vest in A the entire legal interest.
An improper grant of oyer will not affect the case in which it is granted.
An erasure of the names of the guarantors of a note, while in the hands of the guarantee, cannot be objected by a subsequent endorsee, nor by a prior endorsee.

ERROR to the Common Pleas. The defendant in error declared in his own name in the court below, on a penal bond, dated 10th Dec., 1819, given by Logue to one D. Smith, and passed by several assignments to the plaintiff. Oyer of the bond, and assignments were craved, and the assignments have been set out in the record, and are—

1. From the obligee to Coffner under seal, annexed to which is a covenant from Daniel and Edward Smith, and the defendant, to Coffner, guarantying the payment, if it could not be got of Logue.

2. From Coffner to Edward Smith, and the defendant, his covenanters, without seal.

3. From Edward Smith to the defendant in error, the plaintiff below, of his right.  Under this is a memorandum by Coffner, that while the bond was his he erased the names of Edward Smith, and the defendant in error, his guarantors.

Logue v. Smith.

The defendant below demurred generally, on which the court below gave judgment, for the plaintiff, to reverse which this writ is brought.

*Strait and Hawes*, for defendant.

*Storer*, for the plaintiff.

*WRIGHT, J. The first point made for the plaintiff, is, that [11 the bond declared upon, is not assignable at law, so as to confer upon the assignee a right to sue in his own name. This bond was executed while the act of 1810 was in force; the act of 1820 does not affect it, because the proviso to the 6th sec. (22 *O. L.* 322) provides that nothing therein shall be construed to affect the right of any payer, obligee, or endorsee, of any bond, executed prior to the taking effect of that act. Under the act of 1810, a construction had obtained, which was partially acquiesced in by this court, to consider the transfer of a bond by endorsement or assignment, as vesting in the holder the property, and giving him a right to sue for the money in his own name. The general assembly, in 1820, limited this construction, and provided that no bond or bill, payable to the payer alone, and not to *order*, or *bearer*, or *assigns*, should be negotiable. The language of this proviso, after the judicial construction of the former act, shows the sense of the legislation, and of the court, that under the act of 1810, bonds were negotiable, so as to confer upon the assignee a right of action in his own name.

2. It is contended that it does not appear, that the bond declared on was negotiable in New Jersey, where it was made. The bond must doubtless be negotiable *when* made, but not necessarily *where* made, to give the right of action. The manner of enforcing payment, and of bringing and conducting suits looking to that end, is the law of the *remedy*, and not of the *contract*. The remedy is governed by the law of the place where the remedy is sought.

3. It is argued that the declaration does not show any assignment of the bond to H. Smith, the plaintiff below. The assignment by Coffner was to Edward and H. Smith, *jointly*, and Edward Smith having thus acquired an *individual* interest in the bond, afterwards assigned all his interest to Howell Smith, who before held the other interest jointly with him. If these two persons could be jointly invested with title in this bond, why cannot one of them transfer his interest to the other, and thus vest in him the title of the whole? No objection is discovered on general principles. The act of Assembly makes the bond negotiable, by *endorsement* thereon. The transfer here is by endorsement on the bond. It is true; that where two, not partners, jointly hold a bill, both must unite in transfer to a

*third* person; but that is not this case. The case of *Russell and Swan,* 16 *Mass.* 314, is thought conclusive upon this point. In the declaration in that case, there were two counts. 1st. On a note to J. & R. and endorsed by J. to R., both of whom were dead when the suit was brought, and it did not appear which died first, or who survived. The court say that count is bad, because it does not contain those 12] *averments, which alone constitute such an assignment as will confer on the holder a right of action. Neither the court nor the counsel advise us what it *was;* or whether it rested on the law merchant, or a statute of the state. The endorsement is not averred to be in *writing;* that omission possibly *might* have been thought fatal.

4. The erasure of the *names* of E. & H. Smith, it is urged, vitiates the bond. These endorsements are improperly on the record, and the improper grant of oyer, without profert, makes no difference in the case where it is granted. Logue was no party to the guaranty erased, and had no right to complain. These endorsements are always subject to erasure, even at the trial. 1 *East.* 432; 4 *T.* 666; *Ch. Bills.* 370, 1.

The judgment is affirmed with costs.