## MERRILL vs. GUTHRIE.

### *Indorsement — Partnership.*

Where copartners are the payees of a promissory note, they may indorse the same to one of them, so as to enable that one to maintain an action thereon as such indorsee against the maker.

ERROR to the District Court for *Milwaukee* County. The case is stated in the opinion of the court.

*Peter Yates*, for plaintiff in error.
*John H. Tweedy*, for defendant in error.

IRVIN, J.   This case came up on error to the district court of Milwaukee county, on a judgment given at its June term, 1843, in favor of the plaintiff for the sum of $607.29, with $18.46 costs.

The declaration is in the usual form, and has the usual number of counts in this form of action, and is brought on a note of which the following is a copy:

"$585:                                    MESSINA, March 10, 1835.

Ninety days from date, we jointly and severally promise to pay, to the order of Kinney and *Guthrie*, $585 at the Ogdensburgh Bank, value received.

CALEB P. HAILEY,
DAVID MERRILL.

Indorsed:   "KINNEY and GUTHRIE,

*Sackett's Harbor.*

Pay D. C JUDSON, Esq., or order.

W. H. ANGELL,
*Cashier.*"

This suit is brought against one of the makers of the note, and the plaintiff is admitted to be the same person named in the note as one of the firm.   It is admitted, as well as proven, that the intermediate indorsers had no interest in the note (it having been with them merely for collection), which narrows this case down to the point in question (and which alone was relied on in the argument), whether a firm can, by indorsement to one of its partners, pass a right to him to have and maintain an action against the maker, in his own name.

The court below was asked to charge the jury, "that inasmuch as the plaintiff could not, at law, sue and recover against his indorser, the indorsement being absolute and without exception, the indorsement by the firm, though actual, passed no title to the plaintiff, and he could not recover as indorsee against the maker," which

charge was refused ; but the court did charge, among other things, that "two partners, payees of a note, could indorse the same to one of them, so as to enable that one to maintain an action in his own name, as indorsee against the maker," which charge is excepted to, and is the foundation of the present inquiry.

The defendant in the court below, in his motion for instructions to the jury, appears to set out with a proposition in law as settled, to wit : that, where one of a firm becomes the indorsee of that firm, he cannot sue and recover against his indorsers, and seems to conclude therefrom that he has no right to recover of the maker. With the correctness or incorrectness of this proposition, the court deems it unnecessary to the case at bar to have any thing to do, but not so with the conclusion. It is true, that there are many consequences flowing from the act of assignment in other and ordinary cases, which do not arise in this case, which are not necessary to be otherwise noticed ; and, although the act of such an assignment as this might, from the very nature of the circumstances attendant upon it, raise many and great objections to the establishment of such a doctrine in the first instance, yet as this is not the first instance, and as the doctrine, whether wisely or unwisely, is settled, we must take it as we find it, and apply it to this case as we understand it to be.

In 16 Mass. 314, in the case of *Russell's Exrs. v. Swan*, this question is decided, and PARKER, C. J., in his opinion, says : "It is certainly competent for partners, or other joint payees of a negotiable note, to assign it to one of the firm, or one of the joint payees, with the same effect that an assignment to any other person would have." The learned judge, in the opinion just cited, gives neither reason nor authority, but speaks with that confidence which could alone be entertained in the absence of all doubt. Perhaps if he had been asked for the reason, he would have replied, "it is by the *lex mer-*

*catoria,* the evidence of which is long, constant, and continued usage."

The same doctrine is held in 5 Cow. 688. It is also held in 1 Bos. & Pul. 546, 547. In 1 Caines, 505, it is held that "one partner may by indorsement made by himself in the name of the partnership, entitle himself to sue as indorsee upon a negotiable note given to the partnership." "A firm may negotiate its own paper to one partner, and the latter will thereby become the owner thereof." *Baring v. Lyman,* 1 Story's C. C. 396. This court cannot hesitate to say, that the charge of the district court was correct, and that the judgment must be affirmed with costs.