### FRANKLIN v. THURSTON.

On a decree of foreclosure and for a sale of the mortgaged premises, the sale should be made in conformity with the statute in force when the mortgage was executed.

A mortgage must be presumed to have been executed in this state, the contrary not appearing.

APPEAL from the *Floyd* Circuit Court.

Dewey, J.—This is a bill in equity to foreclose a mortgage. The mortgage was executed on the 15th of *December,* 1839, to secure the mortgagee against the consequences of indorsements made by him of several promissory notes for the accommodation of the mortgagor. The mortgagee was compelled to pay the notes. At the *April* term, 1843, the Circuit Court decreed a foreclosure and sale of the mortgaged premises to satisfy the mortgage-debt, and ordered that the property be appraised and sold as other lands were sold under execution by the law in force when the decree was made.

The mortgage must be presumed to have been executed in this state, the contrary not appearing.

By the law as it stood when the mortgage was made, the mortgaged premises were liable, on a foreclosure of the mortgage, to be sold for the best price which they would bring in ready cash; but, at the time the decree was made, the statute of 1843 required that the property should be appraised, and that it should not be sold for less than its appraised value. Laws of 1843, p. 15. Agreeably to the decision of the Supreme Court of the *United States* in *Bronson* v. *Kinzie,* 1 Howard, 311, which we have felt ourselves constrained to follow, the decree of the Circuit Court should have been, that the mortgaged premises be sold for the best price they would bring in cash, according to the law in force at the date of the mortgage. *Doe d. Wolf* v. *Heath,* 7 Blackf. 154.—*Sheets* v. *Peabody, Id.* 613. That portion of the decree, which orders the mortgaged premises to be appraised and sold under the statute in force at the time of the decree, is erroneous.

*Per Curiam.*—That part of the decree, directing the premises to be appraised and sold as other lands were sold on execution at the date of the decree, is reversed; and the rest of the decree is affirmed. Cause remanded, &c.

*R. Crawford,* for the appellant.