*J. C. B. Davis*, for the petitioners.

---

## SAMUEL HOUGHTON *vs.* DANIEL MANN.

M. made a note payable to his own order, and at the same time indorsed it in blank, and delivered it to G. for G.'s own use: M.'s signature to the note, and his indorsement and delivery thereof to G., were in the presence of an attesting witness: G. afterwards transferred the note to H. by delivery, under the blank indorsement: More than six years after the note was payable, H. brought an action thereon against M. *Held*, that the action was barred by the statute of limitations, not being within the Rev. Sts. *c.* 120, § 4, which except from the statute bar " any action brought upon a promissory note which is signed in the presence of an attesting witness, provided the action be brought by the original payee, or by his executor or administrator."

ASSUMPSIT on the money counts, to recover the contents of this note : " Boston, January 11th 1836. For value received, we jointly and severally promise to pay to the order of Daniel Mann six thousand three hundred and eighty dollars and twenty five cents in one year from the 22d day of August next, with interest annually from the 22d of August last.                    Daniel Mann, Principal.

Attest :                    Samuel Kendall, Surety.

J. Willard to D. Mann.

T. Peckham, jr. to D. M. and S. K."

The case was submitted to the court, on the following agreed statement : " Said note is indorsed by the said Daniel Mann, by his writing his name across the back thereof, which is attested as follows, viz. ' Witness, J. Willard.' The plaintiff is the holder of said note, and the writ is dated May 12th 1846. The defendant relies upon the statute of limitations.

" Said J. Willard, the attesting witness, saw the defendant sign said note and write his name upon the back thereof; and said witness, at the same time, attested both said signatures in the defendant's presence. The defendant can prove, by said witness, if it be competent evidence and legally admissible, that said note was not originally indorsed to the plaintiff, but to one Rufus K. Goodnow, by whom it was passed to the plaintiff; but the plaintiff contends that such parol testimony is not legally admissible.

" If the plaintiff is entitled to recover, upon the foregoing statement of facts, the defendant is to be defaulted; otherwise, a nonsuit is to be entered."

*N. Wood,* for the plaintiff. The note was not a contract till it was indorsed. *Pitcher* v. *Barrows,* 17 Pick. 361. *Hazlehurst* v. *Pope,* 2 Stew. & Port. 259. The original parties to the note, therefore, are the indorser and the indorsee. *Little* v. *Rogers,* 1 Met. 108. *Kinsman* v. *Wright,* 4 Met. 219.

The last indorsee may strike out the previous ones, and make the note payable to himself. *Lovell* v. *Evertson,* 11 Johns. 52. *Thompson* v. *Robertson,* 4 Johns. 27. So the holder may fill up a blank indorsement, by making the note payable to himself. The indorser, who signs his name in blank, may give parol authority to any one to fill up the blank, and make whom he pleases the payee. See *Warring* v. *Williams,* 8 Pick. 322.

Parol evidence is clearly inadmissible for the purpose of showing the legal result of a contract.

There are suggestions of the court, in *Kinsman* v. *Wright,* before cited, which go far beyond the decision there made. The decision was made on the ground that the indorsement was not attested.

*E. Fuller*, for the defendant, relied on the case of *Kinsman* v. *Wright*, 4 Met. 219.

SHAW, C. J. The facts, as they stand in the agreed statement, leave it doubtful whether the blank indorsement was originally filled up. But it was agreed, at the argument, that, at the time of the original transaction, (if the fact is open to proof,) the signing of the note and the indorsement were both attested by the witness at the same time ; that the note was delivered, in the presence of the witness, to Goodnow, for his own use ; and that it was afterwards by him transferred, still under the blank indorsement, to the present plaintiff.

In answer to a defence on the statute of limitations, the only question is, whether this case comes within the exception of the Rev. Sts. c. 120, § 4. This section excepts from the statute an "action upon a promissory note, which is signed in the presence of an attesting witness, provided the action be brought by the original payee, or by his executor or administrator."

The first consideration is, that upon the face of the note the plaintiff is not the original payee. On the contrary, the defendant was the payee, and the plaintiff the indorsee. The policy of the statute, in limiting the exception to actions brought by the original payee, probably was, that the original consideration of the note, and the circumstances under which it was given, would be open to inquiry, and the attesting witness would, in general, be a witness to prove them. But in an action on a promissory note, payable on time, brought by an indorsee, all these inquiries, admissible only between the original parties, would be precluded. In *Kinsman* v. *Wright*, 4 Met. 219, the suit was on a note payable by the promisor to his own order. In such a note, there is no contract, until it is indorsed; and the first person to whom it is negotiated is the original party with whom the contract is made. If, on such a contract, any one can be considered the payee, it is the person to whom it is first made payable by contract. But in *Kinsman* v. *Wright* it was held that the action would not lie, because the indorsement was not attested. And the

present case is quite as strong ; for although the name of the defendant does appear on the note, it is not as promisor, but as payee. See *Russell* v. *Swan*, 16 Mass. 314.

According to usage and the custom of merchants, a blank indorsement by the payee would authorize the holder to write over the indorsement words making it payable to himself or any other person ; and such indorsement must be filled up before it can be read in evidence as proof. The indorsement, thus filled up, would transfer the payee's interest in the note to the indorsee, and render the indorser conditionally liable as indorser, but nothing more. The attestation of the indorsement does not add to the force and effect of the indorser's contract, but only authenticates the execution of the indorsement.

If the plaintiff would go further, and rebut the presumption arising from the note itself, and claim that he had an authority to insert words over the defendant's indorsement, which would, in effect, make a new note, payable to the plaintiff as original payee, — which he must do, in order to bring his case within the exception, — he must prove such an express authority ; none being implied. To do this, he must rely upon the attesting witness ; and it is conceded that, instead of this, he would testify that the note was indorsed in blank, and delivered to Goodnow, as indorsee, for his own use. We think the action is barred by the statute of limitations, and is not within the exception. *Plaintiff nonsuit.*