GROVES *v.* RUBY and Another.

PROMISSORY NOTE—ASSIGNMENT OF PART INTEREST.—A part interest in a promissory note may be assigned in equity, and the assignee, being the real party in interest, can, under our statute, join with the owner of the other interest in an action upon the note.

PRACTICE.—DEFECT OF PARTIES.—If a defect of parties be not objected to by demurrer or answer, the objection is waived.

PRACTICE.—INTEREST AFTER VERDICT.—Six months having intervened between the finding of a verdict and the judgment, the court, in rendering judgment, allowed interest from the date of the verdict.

*Held,* that the objection to the allowance of interest on the verdict could not be raised by a motion for a new trial, or in arrest of judgment.

APPEAL from the *Clinton* Circuit Court.

GREGORY, J.—Suit by *Ruby* and *Yaryan*, on a promissory note executed by the appellant, payable to *Kramer* and *Ruby*, upon which was this assignment: "For value received, I assign my half of the within note to *John Yaryan*, April 1, 1860. [Signed,] *Thomas Kramer.*" Demurrer to the complaint for the following causes: 1. The complaint does not state facts sufficient to constitute a cause of action in favor of plaintiffs. 2. The said *Yaryan* is improperly joined as a co-plaintiff. The demurrer was overruled, and that presents the first question for consideration. It is urged that a part of a written contract cannot be assigned. This may be true in law, but not in equity. *Wood* v. *Wallace et al., ante, p.* 226 ; 2 Story's Eq. Jur., § 1044, and the authorities there cited. The assignment vested in *Yaryan*, *Kramer's* interest in the note, in equity. *Yaryan* thereby became the real party in interest with his co-plaintiff, and they were the proper parties. 2 G. & H., § 3, pp. 34 and 35. The question as to whether *Kramer* ought to have been made a party defendant, to answer as to his interest in the note, is not raised by the demurrer, and is not in the record. If a defect of parties be not tested by demurrer or answer, it is waived. *Womack* v. *McAhren,* 9 Ind. 6 ; *Rogers* v. *West, id.* 400 ; *Mewherter* v. *Price,* 11 Ind. 199 ;

*Adkins* v. *Hudson, id.* 372. The defendant answered in five paragraphs. First, want of consideration; second, fraud and counter-claim; third, fraud and want of consideration; fourth, fraud of the payees in procuring the execution of the note, and want of consideration; fifth, set-off. Reply, general denial.

The action was commenced on the 28th of *October*, 1861, and was tried on the 9th, 10th, 11th and 12th of *October*, 1863. The case had been continued for six months, on the oral affidavit of the defendant. On the 8th of the last named month, the defendant filed his affidavit, and moved for a continuance of the cause, on account of the absence of a witness. The witness resided in an adjoining county. The subpoena was taken out during the term, and on the day after that on which the case was set for trial, and was served by the defendant himself, who found the witness unable to attend court, on account of injuries received by the running away of a team. We have carefully looked through the record, and think that the defendant was not injured by the refusal of the court to continue the cause. The affidavit was not sufficient to show the materiality of the facts expected to be proved by the absent witness, when applied to the issues.

The jury rendered their verdict for the plaintiff on the 12th of *October*, 1863, for $786 82, and the court rendered judgment on the 18th of *April*, 1864, for $810 45, allowing interest on the verdict from the rendition thereof; and this is assigned for error. Motions for a new trial, and in arrest, were overruled, but we do not think either of them was the proper method of raising the question as to the allowance of interest on the verdict. We do not regard this question as properly before the court, and therefore give no opinion as to the correctness of the action of the court below.

The court below committed no error in overruling the motion for a new trial upon the testimony, for the reason that the evidence abundantly sustained the verdict. The

note was executed on the 8th of *March*, 1858; due on the 1st of *December* following. The consideration of the note was the settlement of a partnership transaction, in which the defendant was an active participant, with the means of knowledge of all the facts in the case. The partnership was in the purchase and sale of hogs, and the purchases were made by the defendant himself. A part of the hogs were sold at *Thorntown*, near the place of purchase, and the residue were sold at *Cincinnati, Ohio*. The settlement was made long after the partnership transactions were closed, and was several days in progress, and was only effected after the defendant had urged every objection he could think of. There was no fraud, and the only mistake complained of was the omission, on the part of the defendant, to claim damages for an alleged delay in a shipment of hogs from *Thorntown*, occasioned by the failure of the payees of the note to furnish money, under the partnership contract, to pay for the hogs. We think that the defendant had no right to purchase until the money was first furnished, and that the damages, if any were sustained, were the result of his own wrong.

There were interrogatories put to the jury by the court, on the motion of the plaintiffs, and answered by the jury. These interrogatories were pertinent to the issues, and proper. 2 G. & H., § 336, p. 205.

There are a number of objections urged to the action of the court below in giving and refusing instructions to the jury. We do not think any of these objections well taken, and as substantial justice was done, (2 G. & H., § 101, p. 122,) we do not think we are required, under the constitution and law, to notice them in detail, as an error in giving or refusing instructions can only be reviewed by this court in considering the motion for a new trial.

. The judgment is affirmed, with costs, and ten per cent. damages.

*J. N. Sims*, for appellant.

*R. P. Davidson* and *J. Yaryan*, for appellees.