## WALKER *v.* WOOLLEN ET AL.

PLEADING.—*Promissory Note.*—*Conditional Promise.*—A promissory note, wherein the maker promises to pay a certain sum "six months after date, or before, if made out of the sale of" an article therein named, is absolute at the expiration of the six months, whether the amount has been made by such sale or not; and a complaint in a suit then brought thereon need not aver that the amount of the note has been made by such sale.

SAME.—*Promissory Note.*—*Payable in Bank.*—*Suit by Indorsee.*—The maker of a promissory note therein agreed to pay a certain sum "six months after date, or before if made out of the sale of" an article named, at a certain bank.

*Held,* in a suit thereon by the indorsee thereof, that such note contains an unconditional promise to pay the amount thereof at the expiration of the six months, and is negotiable by the law merchant.

SAME.—*Promissory Note.*—*Payable in Bank.*—*Law of Place.*—*Presumption.*— In a suit in a court of this state upon a promissory note, it will be presumed, until the contrary appear, that such note was executed in this state. And where, in such suit, such note specifies a particular bank at which it is made payable, but does not specify the state in which it is located, it will be presumed, until the contrary appear, that such bank is located in this state.

SAME.—*Answer.*—*Failure to Reply.*—*Failure to Object.*—*Waiver.*—In a suit upon a note, one paragraph of defendant's answer averred "that the promissory note in said complaint mentioned is not his (defendant's) note, and this he is ready to verify." No reply was filed to this paragraph, and the defendant went into trial without objecting to such failure to reply.

*Held,* that such paragraph only amounted to a denial of the allegation of the complaint that the defendant had executed such note.

*Held,* also, that by his going into trial without objecting to such failure to reply, the defendant waived his right thereto, and the answer, even had it alleged matter requiring a reply, would be deemed controverted as if a reply in denial had been filed.

PRACTICE.—*Bill of Exceptions.*—*Filed too Late.*—Where a motion for a new trial was overruled and judgment entered in a cause on the 23d day of May by the court below, and sixty days were granted in which to file a bill of exceptions, but it was not filed until the 23d day of July following, it was

*Held,* that the filing was too late and such bill of exceptions formed no part of the record on appeal.

From the Ripley Circuit Court.

*E. P. Ferris* and *S. M. Jones*, for appellant.

*W. R. Stokes*, for appellees.

WORDEN, C. J.—Action by the appellees, as the indorsees, against the appellant, as the maker of the following promissory note, viz.:

"$500.                                    "MAY 8th, 1872.

"Six months after date, or before, if made out of the sale of Drake's Horse Hay-Fork & Hay Carrier, I promise to pay to James B. Drake, or order, five hundred dollars, payable at The Citizens National Bank of Indianapolis, value received, with use, without any relief from valuation or appraisement laws. If suit be instituted to enforce the payment thereof, I agree to pay a reasonable attorney's fee. The drawers and indorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

(Signed,)                          "JAMES P. WALKER."

Issues were joined, and the cause was tried by jury, resulting in a verdict and judgment for the plaintiffs.

The appellant insists that the complaint was bad, inasmuch as that it did not aver that the amount had been made out of the sale of the hay-fork and hay carrier. He claims that the note should be construed as if it read as follows: "On or before November 8th, 1872, if made out of the sale of Drake's Horse Hay-Fork," etc., "I promise," etc.

We do not concur in the appellant's construction of the contract. As we construe it, it is an absolute promise to pay the money six months after the date of the note, but to pay it before, if the amount should be made out of the sale of the article mentioned. There was, therefore, no need of any averment that the amount had been made out of the sale, the six months having expired before the action was brought.

But the appellant contends that, with the construction which we place upon the note, the plaintiffs were still not entitled to recover, because the note was not governed by

the law merchant, it being necessary that it should have been, in order to avoid the defences set up.

A note, in order that it be negotiable in accordance with the law merchant, must be payable unconditionally and at all events, and at some fixed period of time, or upon some event which must inevitably happen. But the note here, as we have seen, contains an unconditional promise to pay the money at the expiration of six months from its date. It contains a promise, it is true, to pay the money before that time if it should be made out of the sale of the property mentioned. But this conditional promise to pay the money before the time specified, unless performed, does not abrogate or interfere with the absolute promise to pay at the expiration of the time. The conditional promise not being performed, the absolute promise to pay at the expiration of the time specified remains in full force. Such conditional promise, embodied in a note containing an absolute promise to pay at a time specified, does not destroy the negotiable qualities of the paper, or take it out of the operation of the law merchant. The case of *Ernst* v. *Steckman*, 74 Pa. State, 13, is exactly in point. There, a note was executed, payable twelve months after date, or before, if made out of the sale of a certain seeding machine. This was held to be a negotiable note according to the law merchant. See also the case of *Cota* v. *Buck*, 7 Met. 588, which is also in point.

It is also objected, that the complaint does not allege that "The Citizens National Bank of Indianapolis," at which the note was payable, was situated in the state of Indiana, and, therefore, that it does not appear that the note falls within that class which, by our statute, is put upon the footing of bills of exchange. A contract, when sued upon in the courts of this state, will be presumed to have been executed in this state, unless the contrary appear. *Franklin* v. *Thurston*, 8 Blackf. 160; *Hutchins* v. *Hanna*, 8 Ind. 533. So, where a note is made in this state, as it will be presumed the note in this case was,

payable at a specified bank, but not naming the state in which it is situated, it will be presumed, the contrary not appearing, that the bank is situated in this state, because it will be presumed that the note is payable in, rather than out of, the state. The case is not like that of a note payable generally; but a particular place of payment is specified, though the state in which the payment is to be made is not mentioned. The maker of the note bound himself to pay the money at The Citizens National Bank of Indianapolis, wherever that might be situated. It will not be presumed that he bound himself to pay the money out of the state in which the note was executed. We think the presumption is the other way, and that the bank specified is within and not without the state. The objection to the complaint is not, in our opinion, well taken.

The first paragraph of the defendant's answer is in these words: "The defendant, James P. Walker, for separate answer to the plaintiffs' complaint herein, says that the promissory note in said complaint mentioned is not his note, and this he is ready to verify." There was no replication to this paragraph of answer, and the appellant claims that for that reason it stood admitted of record that the appellant was not the maker of the note. The counsel for the appellant, in their brief, say: "this is important, for in looking at the evidence, we can do so with the fact conceded in the pleadings, that the note in suit is not the note of the appellant."

There are two conclusive answers to the position thus assumed:

First, the paragraph of answer was only a denial of what was alleged in the complaint, viz.: the execution of the note by the appellant. It alleged no new matter, and needed no replication whatever.

Second, if the answer had contained new matter requiring a reply, still, the going to trial without objection was a waiver of any reply, and the matter of the answer

would be deemed to have been controverted as if a reply in denial had been filed. See Buskirk's Practice, 286, and cases there collected.

Some questions are made, in the brief of counsel, in respect to the evidence and the instructions of the court. But these questions are not properly before us. The instructions are not in the record, except as they are contained in a bill of exceptions.

On the 23d day of May, 1874, the appellant's motion for a new trial was overruled and judgment rendered, and sixty days were given appellant in which to file his bill of exceptions. The bill was filed on the 23d day of July of the same year. This was one day too late. The counsel for the appellees points out this objection to the bill of exceptions, and we can not regard it as constituting any part of the record.

There is no error in the record, and the judgment must be affirmed.

The judgment below is affirmed, with costs and five per cent. damages.