## Burroughs et al. v. Wilson.

PROMISSORY NOTE.—*Payable in Bank.*—*Suit Against Maker and Endorser.*—*Pleading.*—*Error Cured by Judgment.*—In an action by an assignee, against the maker and endorser, on a promissory note payable in bank, one paragraph of the complaint described the defendants, and demanded judgment against them, as joint makers, while the remaining paragraphs thereof, and a copy of the note and endorsement attached to each paragraph, clearly showed the true relation of each defendant to the action.

*Held,* on demurrer, that the first paragraph of the complaint was not rendered insufficient by such misdescription.

*Held,* also, judgment having been rendered againt such endorser as a mere surety, that the insufficiency of such paragraph, on such ground, was harmless.

SAME.—*Protest.*—*Waiver of.*—Where such note waives notice of non-payment, protest, etc., the complaint thereon need not aver such notice to an endorser.

SAME.—*Abbreviation.*—A note payable at a certain bank of a certain place in "Ind." is payable at a bank of this State.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts,* for appellants.

*D. Moss,* for appellee.

Howk, J.—In this action, the appellee, as plaintiff, sued the appellants, as defendants, in the court below, on a promissory note, of which the following is a copy:

"$175.          NOBLESVILLE, IND., February 1st, 187 .

"Nine months after date, we jointly and severally promise to pay to the order of Wm. R. Durfee, at Citizens' Bank, Noblesville, Ind., one hundred and seventy-five dollars, without any relief whatever from valuation or appraisement laws, and if not paid when due the drawers and endorsers waive protest, notice of protest and non-payment of this note, and promise to pay reasonable attorneys' fees, with ten per cent. interest after maturity till paid, value received.

(Signed,)                    " JAMES BURROUGHS."
Endorsed : " WM. R. DURFEE.
              " PETER CLOUD."

The appellee's complaint on this note was in four paragraphs ; but we need only notice the first paragraph, in this opinion.

The action was brought against said James Burroughs, William R. Durfee and Peter Cloud, as defendants.

In the first paragraph of his complaint, the appellee alleged, in substance, that the appellants James Burroughs and Peter Cloud, on the 1st day of February, 1873, by their note, a copy of which was therewith filed as part thereof, promised to pay their co-appellant William R. Durfee, nine months after the date thereof, one hundred and seventy-five dollars ; that said note was duly assigned in writing by said Durfee to the appellee ; that the appellants did not pay said note when it became due, upon presentation at the place where payable, and that said note was then due, and wholly unpaid.

It will be observed, that, in this first paragraph, the appellee sued the said Peter Cloud as a joint maker, with said James Burroughs, of the note in suit ; although the copy of the note filed with said paragraph showed that the said Cloud was in fact the second endorser of said note. In each of the other paragraphs of the complaint,

the said Peter Cloud was sued as the second endorser of said note.

The appellant Peter Cloud demurred separately to the first paragraph of the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action against him, which demurrer was overruled, and to this decision he excepted.

The cause was then put at issue, and submitted to the court for trial; and a finding was made in favor of the appellee, and against the said Burroughs as principal, and the said Durfee and Cloud as sureties, for the amount due on said note, and judgment was rendered accordingly.

The evidence is not in the record.

The judgment defendants have all appealed to this court, and have jointly assigned the following alleged errors:

1. The overruling by the court below of the demurrer of said Peter Cloud to the first paragraph of appellee's complaint;

2. That the complaint did not state facts sufficient to constitute a cause of action against the appellant Peter Cloud.

There is no question before us as to the sufficiency of the facts stated in each paragraph of the complaint to constitute a cause of action against the appellants James Burroughs and William R. Durfee. As to the appellant Peter Cloud, each of the second, third and fourth paragraphs of the complaint, in each of which he was sued as an endorser of the note in suit, unquestionably stated facts sufficient to constitute a cause of action against him. His relation to the note is misdescribed in the first paragraph of the complaint; but the copy of the note and its endorsements, which are filed with, and made part of, said first paragraph, showed very clearly his true relation to said note. The note was made payable at a bank in this State, and as it contained a waiver of protest and of notice of protest and non-payment of said note, by the

endorsers thereof, it constituted, *prima facie*, a good cause of action against each of the appellants, Peter Cloud included.

It is said, however, by appellant's counsel, that it does not appear that the note in suit was payable at a bank in this State. We think otherwise. The note was payable on its face, " at Citizens' Bank, Noblesville, Ind. ; " and it seems to us, that the courts and juries of this State may well know, from their general information, that the abbreviation " Ind.," as applied to a place, means Indiana. Besides, it has been held by this court, that, when a contract has been sued upon in the courts of this State, and the contrary does not appear, it will be presumed that such contract was executed in this State. *Franklin* v. *Thurston*, 8 Blackf. 160, and *Hutchins* v. *Hanna*, 8 Ind. 533. In the case of *Walker* v. *Woollen*, 54 Ind. 164, it was said by WORDEN, J., in delivering the opinion of the court, that, " where a note is made in this State, as it will be presumed the note in this case was, payable at a specified bank, but not naming the State in which it is situated, it will be presumed, the contrary not appearing, that the bank is situated in this State, because it will be presumed that the note is payable in, rather than out of, the State."

In this case, we think it is clear, that the finding of the court below was made, not upon the first paragraph, but upon the other paragraphs, of the appellee's complaint; for the court found, that the appellant Peter Cloud was a surety of said James Burroughs on the note in suit, and not that he was a joint maker, with said Burroughs, of said note, as alleged in the first paragraph of the complaint. So that, even if the court erred in overruling the demurrer of said Peter Cloud to the first paragraph of the complaint, it seems to us, that it must be regarded as a harmless error; and it is well settled by numerous decisions, that, for such an error, this court will not reverse

the judgment of a lower court.   Buskirk Prac. 284, and authorities cited.

We find no error in the record, of which the appellants, or either of them, can complain.

The judgment is affirmed, with ten per centum damages, at the costs of the appellants.