## BREMMERMAN ET AL. *v.* JENNINGS.

PROMISSORY NOTE.—*Payable in Bank.*—*Defences.*—A promissory note payable in bank, endorsed for value, before maturity, in the usual course of business, to a *bona fide* holder, is not subject, in his hands, to the same defences as a promissory note not payable in bank.

From the Hamilton Circuit Court.

*A. F. Shirts, G Shirts* and *W. R. Fertig*, for appellants.
*J. Stafford*, for appellee.

WORDEN, J.—This was an action by the appellants, as

the holders, against Jennings, as the maker, and John Holloway and R. H. Pilcher, as the endorsers, of the following promissory note, viz. :

" $200.                    DEMING, IND., Apr. 29th, 1876.

" Three months after date, I promise to pay John Holloway, or order, two hundred dollars, and five per cent. thereon for attorney's fees, value received, without any relief whatever from valuation or appraisement laws, negotiable and payable at the Meridian National Bank, Indianapolis, Indiana, with ten per cent. interest until paid.
                (Signed,)             "JOSEPH L. JENNINGS.
                (Endorsed,)             "JOHN HOLLOWAY,
                                    "R. H. PILCHER."

Holloway and Pilcher made default, and, as to them, no question arises in the record.

Jennings answered in four paragraphs, none of which controverted, under oath, the execution of the note.

The issue formed was tried by a jury, the trial resulting in a verdict and judgment in favor of Jennings, against the plaintiffs, over their motion for a new trial.

A question is made as to the sufficiency of some of the paragraphs of answer, but we think it unnecessary to waste time in setting out, or stating and considering, the answer, inasmuch as no defence was shown by the evidence to the note in the hands of an innocent holder. The note, as will be seen, is governed by the law merchant. The plaintiffs purchased it for value, in the usual course of business, before maturity, and it was endorsed to them in blank by the holder. There was no evidence whatever that they had any notice of any defence thereto. Whatever defence there may have been to the note, had it not been commercial paper, or had the plaintiffs been notified thereof, there was none which could prevail against the plaintiffs as such *bona fide* holders.

The plaintiffs' motion for a new trial should have prevailed.

The judgment, in favor of Jennings, against the plaintiffs, is reversed, with costs, and the cause remanded for a new trial.