## CLARK ET AL. *v.* CAREY.

PROMISSORY NOTE.—*Presumption as to Place of Execution.* — Where suit is brought upon a promissory note in a court of this State, it will be presumed, the contrary not appearing, that the note was executed in this State.

SAME.—*Presumption as to Locality of Bank where Note is Payable.*—If such note be payable in a bank, the locality of which is not designated, it will be presumed that such bank is located in this State.

SAME.—*Answer.—Accommodation Endorser.*—An answer, in such action, by an endorser in blank, that he was merely an accommodation endorser and not a maker of the note, is insufficient.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellants.

NIBLACK, J.—Sylvanus Carey sued Nathan C. Clark and George Teter jointly, on a promissory note, as follows:

" $2,400.00.                    INDIANAPOLIS, IND., Jan. 20th, 1877.

"Twenty days after date, we promise to pay to the order of Sylvanus Carey twenty-four hundred dollars, and ten per cent attorney's fees if suit be instituted on this note, negotiable and payable at Fletcher's bank, value received, without any relief whatever from valuation or appraisement laws, with interest at ten per cent. per annum, from date, which has been paid to maturity. The drawers and endorsers severally waive presentment for payment, protest, and notice of protest and non-payment of this note.                                    N. C. CLARK."

Endorsed: " GEORGE TETER."

Clark made default; Teter demurred separately to the complaint, but his demurrer was overruled.

He then answered separately in two paragraphs:

1. In general denial;

2. That he was an accommodation endorser merely, and not a maker, of the note.

A demurrer being sustained to the second paragraph of Teter's answer, the cause was submitted to the court for trial. There was a finding in favor of the plaintiff for the amount of the note, with interest, and judgment against both the defendants for the amount thus found to be due upon the note.

In their argument here upon the sufficiency of the complaint, the appellants contend that there is nothing upon the face of the note to show that it was payable at a bank in this State, and that for that reason the note was not governed by the law merchant, within the meaning of sections 6 and 16 of the act concerning promissory notes, approved March 11th, 1861. 1 R. S. 1876, p. 635. That the note not being thus governed by the law merchant, and Teter being, *prima facie*, an endorser only, nothing was shown in the complaint to make Teter jointly liable on the note with his co-defendant, Clark.

As regards the character of the note sued on, the precise question raised here in this action was presented and decided in this court in the case of *The Indianapolis Piano Manufacturing Co.* v. *Caven*, 53 Ind. 258.

It was held, in effect, in that case, that a note sued on in the courts of this State, not appearing to have been made elsewhere, will be presumed to have been executed in this State; and that, where a note, executed in this State is made payable at a bank named, without designating its locality, it will also be presumed that the bank named is located in this State.

It was hence presumed in that case, as it must be in this,

that "Fletcher's Bank" was a bank in this State, within the meaning of the statute above referred to.

We are thus led to the conclusion, that the note sued on in the case at bar was governed by the law merchant, and that, consequently, the court did not err in overruling Teter's demurrer to the complaint.

The conclusion we have reached does not, in any manner, conflict with the ruling of this court in the case of *Porter* v. *Holloway*, 43 Ind. 35, as in that case no particular bank was designated in the note.

Some other questions were reserved upon the ruling upon the demurrer to the second paragraph of Teter's answer, and upon the evidence; but what we have said practically disposes of those questions, also, adversely to the appellants, as they are, in fact, but different presentations of the same question in different forms. *Walker* v. *Woollen*, 54 Ind. 164; *Burroughs* v. *Wilson*, 59 Ind. 536.

The judgment is affirmed, at the costs of the appellants.