Fordyce v. Nelson.

No. 10,883.

FORDYCE v. NELSON.

PROMISSORY NOTE.—*Assignor and Assignee.—Assignment.*—The assignment by one of two holders of a note of his half to the other is a good assignment in equity.

SAME.—*Pleading.—Endorsement:*—A complaint by an assignee against the maker of a promissory note need not exhibit a copy of the endorsement.

SAME.—*Lex Loci Contractus.—Place of Payment.*—A note payable in another State, but made in this State, is presumed to be made with reference to the laws of that State, and its effect will depend on such laws.

From the Daviess Circuit Court.

*J. H. Stotsenburg* and *C. S. Dobbins,* for appellant.

*W. R. Gardiner* and *S. H. Taylor,* for appellee.

BICKNELL, C. C.—The appellee, as the endorsee and assignee of two promissory notes made by the appellant, brought this suit against him.

The complaint was in two paragraphs, each of which averred the execution of a note by the defendant, its endorsement before maturity by the payee to the firm of Nelson & Noel, and the assignment by Noel of all his interest to his partner, the plaintiff, before the maturity of the paper.

Copies of the notes were made a part of the complaint; they were alleged to be due and unpaid, and each paragraph set forth certain statutes of Missouri, in which State the notes were alleged to have been executed and were payable, and each paragraph averred protest and notice, and claimed that under said statutes the plaintiff was entitled to recover not only principal and interest, but also four per cent. as damages.

Noel was made a co-defendant to answer as to his interest, and he answered admitting the complaint to be true.

The defendant Fordyce answered in four paragraphs, of which the first and third only are material here. The first was the general denial; the third was a special plea of failure of consideration. The plaintiff replied in denial of the third.

The issues were tried by the court without a jury, and the

finding was for the plaintiff—$2,103.85; this was about 60 cents less than the principal and interest due upon the notes at the time of the trial; there was nothing found for the plaintiff as to the four per cent. damages claimed under the Missouri statutes.

Judgment was rendered against the defendant for the amount of the finding. The defendant's motion for a new trial was overruled. The defendant appealed. He assigns as errors:

1. That the complaint does not state facts sufficient.

2. That the court overruled the motion for a new trial.

The reasons alleged for a new trial are, that the finding is contrary to law, and is not sustained by sufficient evidence.

The complaint contains a good cause of action as to the principal and interest due on the notes. Where a note is owned by two, an assignment by one of them of his half of the note is a good assignment in equity. *Groves* v. *Ruby*, 24 Ind. 418. In an action by the endorsee against the maker, it is not necessary to set out a copy of the endorsement. *Treadway* v. *Cobb*, 18 Ind. 36; *Kline* v. *Spahr*, 56 Ind. 296; *Keith* v. *Champer*, 69 Ind. 477.

The first assignment of error can not be supported, and we think the finding was sustained by the evidence, and was not contrary to law.

The third defence was as follows:

That Ewing & Allen, the payees of the notes, proposed to procure the organization of a company or corporation with a paid-up capital of $100,000, to take a lease of defendant's furnace and lands in Martin county, Indiana, for two years, at a yearly rent of $8,000, and that the members of said company or corporation should be well acquainted with the business of carrying on iron works, and should be wealthy and responsible men and would pay all the debts and liabilities of said business, including said rent to defendant; that defendant, relying on said representations, executed said notes, and that said representations were the sole and only consideration of said notes; that said Ewing & Allen did procure the

organization of a company or corporation, known as the Nelson Iron and Coal Company, and procured said company to take such a lease from the defendant, and defendant performed all his part of said contract, and executed such lease to said company, who accepted the same and began operations under it; that all of the said representations of said Ewing & Allen were false and fraudulent, and were by them known so to be at the time they were made, and were made for the purpose of cheating and defrauding the defendant; that said company had not a capital of $100,000, but had only $20,000, not enough to carry on the business, and were not responsible, and did not pay said rent, and in consequence of their ignorance of the business and want of capital they carried on the furnace only about five months, and then abandoned it and forfeited the lease, leaving the rent entirely unpaid; that the plaintiff, when he took the assignments of said notes, well knew that they were obtained by said fraud and false representations, as also did the payees and endorsers of said notes, and that said notes were not transferred, in writing thereon, to the plaintiff when this suit was commenced. Wherefore the consideration of said notes has wholly failed.

The appellant claims that there is no proof of any assignment by Noel to the appellee, but the notes having been endorsed to Nelson & Noel, their endorsement thereof to the plaintiff was substantially an equitable assignment to him of Noel's interest. *Groves* v. *Ruby, supra.*

The appellant also claims that the proof is deficient, because Noel testified that he bought the notes for Nelson & Noel from George W. Cummings, but it does not appear that Cummings ever owned the notes, or had any interest in them. In the absence of anything tending to show title in Cummings, the statement that the notes were purchased from him means that he was the agent or broker through whom the purchase was effected. There is nothing in the testimony contradicting the legal effect of the endorsements upon the notes.

There is no error assigned as to the admission of testimony, and the evidence shows that the plaintiff is a *bona fide* holder of the notes for value, having purchased the same before their maturity, to wit, on the 4th of January, 1881. None of the allegations of the defendant's third defence, which charged that the plaintiff, when he bought the notes, had notice that the same were without consideration, and had been obtained by fraud and false representations, were sustained by the proof. The defendant's testimony showed that the notes were obtained from him under circumstances which would be a good defence for the maker, if the notes were not commercial paper, but are no defence against commercial paper taken for value, before maturity, by a *bona fide* holder, without notice.

Section 5506, R. S. 1881, provides that when a note is payable to order or bearer, in a bank in this State, it is negotiable as an inland bill of exchange, and the payees and endorsers thereof may recover as in case of such bills. Such a note, endorsed for value, before maturity, in the usual course of business, to a *bona fide* holder without notice, is not subject in his hands to the same defences as a note not payable at a bank in this State, nor governed by the law merchant. *Bremmerman* v. *Jennings*, 60 Ind. 175.

The notes in suit, not being payable at a bank in Indiana, are not commercial paper under section 5506, R. S. 1881, but being payable in another State, they are governed by the law of the place where they are payable. The presumption is, that the parties make their contract with reference to the law of the place where it is to be performed. *Hunt* v. *Standart*, 15 Ind. 33; *Rose* v. *Park Bank*, 20 Ind. 94; *Browning* v. *Merritt*, 61 Ind. 425. Where a note executed in this State is made payable at a named bank, the bank will be presumed to be in this State, if its locality is not designated. *Clark* v. *Carey*, 63 Ind. 105. But here the notes were expressly made payable at St. Louis, Missouri. They are therefore governed

by the statute of Missouri proved at the trial, and are to be deemed commercial paper.

The appellant claims that our statutes, R. S. 1881, sections 5503, 5504, 5505 and 5506, govern all notes not payable at a bank in this State, whether they be payable in this State or in any other State; but we can not adopt this construction. The notes being commercial paper by the law of Missouri, where they were made payable, and the plaintiff being a *bona fide* holder for value, before maturity, without notice, whatever defence the maker may have had, if the notes had not been commercial paper, or if the plaintiff had been notified of the defence, there was none which could prevail against the plaintiff as such *bona fide* holder. *Bremmerman* v. *Jennings, supra.*

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Nov. 24, 1883.