BOND, ADMINISTRATOR, *v.* HOLLOWAY.

[No. 2,119.   Filed October 8, 1897.]

BILLS AND NOTES.—*Indorsement of Note to Co-Payee.—Liability.*—A promissory note was made payable to the order of two persons, one

of whom assigned his interest in the note to his co-payee by the following indorsement on the back thereof: "I sign over my interest on the within note to Orlando C. Saffell." *Held,* that the assignment merely transferred the assignor's interest in the note, and did not make him liable as an indorser.

From the Henry Circuit Court. *Affirmed.*

*J. M. Morris, D. W. Chambers, W. A. Brown* and *James Brown,* for appellant.

*M. E. Forkner* and *W. O. Barnard,* for appellee.

WILEY, C. J.—Appellant sued the appellee upon a promissory note for $650.00, dated December 26, 1890, payable to the order of Orlando Saffell and Jason Holloway, due December 26, 1893, and payable at a bank within this State, said note being signed by George Bell. On the back of the note were the following indorsements: "December 26, 1890. On the above date I sine over my interest on the within note to Orlando C. Saffell. (Signed) Jason Holloway." "January 6, 1893. For value received I assine my interest in the within note to George N. Byer, without recourse after December 25, 1893. (Signed) Orlando Saffell."

The complaint avers that said note was executed jointly to said Saffell and Holloway, and that each of them owned a half interest thereof; that December 26, 1890, the said Holloway sold and delivered to the said Saffell his one-half interest in said note, and made and executed his unqualified and unrestricted indorsement thereon; that on the 6th day of January, 1893, said Saffell sold, assigned, and delivered said note to plaintiff's decedent for value, and that he made a restricted indorsement thereon; that at the maturity of said note the said Bell, the maker thereof, was wholly and notoriously insolvent, and had remained insolvent ever since; that said note was purchased by

said decedent upon the faith of the indorsement thereof by said Holloway, he being wholly ignorant of the financial condition of the maker of said note.

To this complaint a demurrer was sustained for want of sufficient facts, and the appellant declining to plead further, judgment was entered against him for costs.

The assignment of error calls in review the action of the trial court in sustaining the demurrer to the complaint. The only question for our decision is, is the appellee, Holloway, liable as an indorser by reason of his assignment of his interest in the note to his co-payee, Saffell?

This exact question has never been decided in this State, and, in fact, we are unable to find any authority directly in point. The question, therefore, must be decided on principle.

On the part of the appellee, it is contended that by his assignment of his interest in the note to Saffell, he did not assume the liability of an indorser, and was not chargeable as such. On the contrary, appellant claims that appellee's indorsement of the note was an unqualified one, and that he is liable thereon.

Appellant, in his brief, announces two propositions: (1) That the appellee is, *prima facie*, liable by reason of his indorsement; and (2) that it is a question of fact and not one of law whether the appellant's testator was chargeable with notice of limitations or restrictions of appellee's indorsement to Saffell.

We are not favored by any argument on behalf of the appellant. Some authorities are cited, but no argument is attempted. In support of their first proposition counsel for appellant have cited the following cases: *Groves* v. *Ruby*, 24 Ind. 418; *Russell* v. *Swan*, 16 Mass. 314; *Goddard* v. *Lyman*, 14 Pick. 268.

In *Groves* v. *Ruby*, *supra*, the only question decided

which is pertinent here, is that, one of two joint payees of a note may assign his interest therein to a third person, and that such assignee, together with the remaining payee of the note, may proceed jointly against the maker to collect. It was there held that by such assignment the equitable interest of the assignee passed to the assignor. No question is presented or discussed touching the liability of the assignor as an indorser.

In *Russell* v. *Swan, supra*, appellee executed a note to Jeffrey & Russell, and they indorsed the note to Joseph Jeffrey, one of the firm, and the only question decided was that such indorsement vested in the indorsee the full title to the note.

In *Goddard* v. *Lyman, supra*, it was held that a negotiable note payable to three payees jointly may be legally transferred by an indorsement by two of them to a third payee and a stranger.

After careful examination of the authorities cited by appellant in support of his first proposition, we are constrained to say they are not in point, and have no bearing upon the question at all. As the point for decision is a new one, and of a general commercial interest, we have considered it with much care, with the end in view of reaching a correct conclusion upon principle.

The common law rule was that, where two or more persons, not partners, were the payees in a promissory note, an indorsement by all of them was necessary to pass title. 2 Parsons, Bills and Notes, 4.

This rule, however, has been somewhat modified, and it is now the settled law in many jurisdictions that a part of a written contract may be assigned, and such assignment vests in the assignee the assignor's interest in the contract, in equity. *Groves* v. *Ruby, supra; Wood* v. *Wallace*, 24 Ind. 226; 2 Story's Eq.

Jurisprudence, section 1044. But it has nowhere been held that such an assignment is an unqualified indorsement, and that the assignor is liable to the holder on his indorsement. On the contrary, it has been held, and we think upon sound principle, that where one of two joint payees of a promissory note assigns to his co-payee all of his right, title, and interest therein, such co-payee and assignee cannot maintain an action against the assignor on his indorsement. 1 Daniel on Neg. Instr., page 629, section 701a; *Caverick* v. *Vickery*, 2 Doug. 653; *Foster* v. *Hill*, 36 N. H. 526; Chitty on Bills and Notes, 57.

Mr. Daniel bases the doctrine of such assignor not being chargeable as an indorser, upon the ground that such assignment only passes an equitable interest in the note. 1 Daniel, Neg. Instr., *supra*. As such an assignment, therefore, only passes an equitable interest, and the assignor not being liable to his original co-payee as an indorser, the interesting question presents itself, upon what principle can such assignor be liable as an indorser to a subsequent assignee of the instrument?

It being everywhere held that such an assignment only passes an equitable interest, we think, it comes within the meaning of restricted indorsements, under the mercantile law. In the case under consideration, appellee's indorsement was as follows: "Dec. 26, 1890. On the above date I sine over my interest on the within note to Orlando C. Saffell." This, we think, must be held to be merely a transfer of appellee's interest in the note to his co-payee, Saffell, and his interest therein was the one-half of the note and his right of action against the maker alone.

*Hailey* v. *Folconer*, 32 Ala. 536, is very similar to the case at bar. The indorsement of the payee was as follows: "For value received this 28th day of February,

1850, I transfer unto John H. Hailey all my right and title in the within note, to be enjoyed in the same manner as may have been by me." The supreme court of Alabama, speaking by Rice, C. J., said: "The indorsement here relied on by the plaintiff is not in the common form, but substantially different therefrom. * * * Any words in an indorsement, which clearly demonstrate the intention of the indorser to make it a qualified one will have the effect to make it such. * * * It is well settled, that where there are general words alone in an indorsement, they shall be taken most strongly against the indorser. But 'it is a general and reasonable rule, that more general words in an instrument shall be restrained by other expressions more limited in the same instrument;' and for the purpose of ascertaining the intent, every part and word of the instrument is to be considered."

And, in the case from which we have just quoted, it was held that there could be no recovery upon the indorsement either at common law or commercial law. See, also, *Jackson* v. *Stackhouse*, 1 Cowen, 122; *Lyman* v. *Clark*, 9 Mass. *235; *Rich* v. *Lord*, 18 Pick. 325.

In Michigan, the negotiable character of a promissory note is destroyed by an indorsement by a payee transferring only his right, title, and interest in it to another. *Anbi* v. *Yeomans*, 39 Mich. 171.

In *Vincent* v. *Horlock*, 1 Campb. 442, it was held that the words, "Pay the contents to A," indorsed on the paper was a mere transfer so far as it authorized payment to be made to A, and it did not render the writer liable as an indorser.

In the case under consideration, we think it clearly appears from the language used in the assignment by the appellee, that he merely intended to transfer his interest in the note to his co-payee, and that such an assignment was not an indorsement which charged

him as an indorser of negotiable paper under the rules of commercial law, and that this fact being patent upon the face of the writing, all subsequent purchasers were chargeable with notice thereof.

For the purpose of determining the sufficiency of the complaint, we do not deem it necessary to discuss or decide the second proposition of appellant, as above stated, and we decline to do so.

Our conclusion, therefore, is that the complaint does not state a cause of action against the appellee, and that there was no error in sustaining a demurrer thereto.

Judgment affirmed.