DEVINE v. PRICE.

(Supreme Court, Appellate Term, First Department.　March 29, 1915.)

BILLS AND NOTES ☞155—NEGOTIABILITY—STIPULATIONS AFFECTING NEGO-
TIABILITY.

A note which stipulates for the payment of a specified sum 90 days
after date, and which recites, "This note is payable when Post Office De-
partment accepts my building from me [maker]," is nonnegotiable be-
cause of the quoted sentence, which evinces an intent of the parties that
it shall control the time of payment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 407–410;
Dec. Dig. ☞155.]

Guy, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh Dis-
trict.

Action by Peter J. Devine against Henry E. Price.　From a judg-
ment for plaintiff in an action on a promissory note, defendant ap-
peals.　Reversed, and new trial ordered.

Argued February term, 1915, before GUY, PENDLETON, and
SHEARN, JJ.

Neier & Van Derveer, of New York City, for appellant.
P. Henry Delehanty, of New York City, for respondent.

SHEARN, J. Evidence was adduced to the following effect, in
substance: Edward F. Riley, payee in the instrument in suit, acting
with a Mr. Hill and a Mr. Kenny, sought a builder to enter into a
contract with the United States government for the erection of a post
office building.　Riley, plaintiff's assignor, found the defendant Price,
who put in a bid for the erection of the building.　Riley, plaintiff's
assignor, told Price that Price would have to pay a commission of $400,
$250 of which was to be paid to Hill and $75 each to Kenny and Riley.
Riley procured a contract for the purchase of a piece of property at
Fifth avenue and Ninetieth street, borough of Brooklyn, on which the
proposed post office building was supposed to be erected.　No build-
ing was erected.　During the negotiations Hill and Riley asked the
defendant Price for notes representing the $400 "commission," and
after some discussion Price gave his note for $250 to Hill, a note for
$75 to Kenny, and a note for $75 to Riley, which last note is the one
in suit.　At the time of the delivery of the notes, Price said:

"Remember, this is an accommodation, and you cannot bind anybody until
the government has actually paid us the money."

The note delivered to Riley reads as follows:

"$75.00　　　　　　　　　　　　　　　　　New York, August 10, 1913.
"Ninety (90) days after date I promise to pay to the order of Edward F.
Riley seventy-five dollars ($75.00), at 363 Fulton street, Jamaica, L. I.　Value
received.　This note is payable when Post Office Department accepts my build-
ing from me.
"No. ——.　Due.　　　　　　　　　　　　　　　Henry E. Price."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The answer admitted the making and delivery of the note as alleged, denied that plaintiff was an innocent holder for value before maturity, and, as a separate defense, alleged want of consideration. The sole question is whether this note was rendered nonnegotiable by the addition at the end of the note, before the maker's signature, of the words "This note is payable when Post Office Department accepts my building from me."

It is claimed by respondent that the note must be construed to be a promise to pay absolutely in 90 days from date, and before 90 days *if* defendant received payment for his work from the government, citing McCarty v. Howell, 24 Ill. 342, Walker v. Woollen, 54 Ind. 164, 23 Am. Rep. 639, and Cota v. Buck, 7 Metc. (Mass.) 588, 41 Am. Dec. 464. In the Illinois case the wording of the note was, "four months after date, or as soon as I shall be able to collect a certain note," etc. In the Indiana case the wording was, "Six months after date, or before," etc. In the Massachusetts case the wording was, "As soon as * * * realized from the sale of property which is to be paid for in the course of the season * * * coming." None of these cases supports respondent's contention. In the Indiana and Massachusetts cases it is very plain that a definite time of payment was fixed—in the one case by the end "of the season coming," and in the other "six months after date or before." In the Illinois case the court construed the note to be payable absolutely in four months, and at an earlier date if A. Davis should pay his note before that time. The wording of the note was susceptible of the construction put on it by the court, and that construction was the natural one.

In the note in suit, the sentence added at the end of the note saying, "This note is payable when Post Office Department accepts my building from me," is distinct from the 90-day clause in the beginning of the note. The paragraph at the end, standing, as it does, by itself, evinces an intent on the part of both maker and payee that the concluding sentence should take the place of, or at any rate control, the 90-day clause at the beginning. That this construction is not only reasonable, but correct, is strongly fortified by the evidence in the case already outlined.

There are two other cases, not cited by respondent, that are worthy of mention. One is Stevens v. Blunt, 7 Mass. 240, where the form of the note was:

"This may certify that I do agree to pay unto Solomon Stevens, or order, $40 by the 20th day of May, or when he completes the building according to contract."

The lower court held that it was not a negotiable instrument. The appellate court reversed, holding that the note was payable absolutely at a day certain.

Another case is Ernst v. Steckman, 74 Pa. 13, 15 Am. Rep. 542, where the note which was held negotiable, read:

"Twelve months after date (or before, if made out of the sale of W. S. Coffman's Improved Broadcast Seeding Machine) I promise to pay," etc.

This case cites Alexander v. Thomas, 16 Q. B. 333, as a case holding a contrary theory; Lord Campbell there holding that a bill pay-

able "ninety days after date or when realized" was not a negotiable instrument.

It will be observed, however, that in the cases where the note was held negotiable the definite time clause and the future event clause are connected by the particle "or," whereas, in the note in suit, as pointed out above, the clauses are entirely separate.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

PENDLETON, J., concurs.

GUY, J. (dissenting).   Defendant appeals from a judgment entered by direction of the court in favor of plaintiff in an action on a promissory note, which reads as follows:

"$75.00                                    New York, August 10, 1913.

"Ninety (90) days after date I promise to pay to the order of Edward F. Riley Seventy-five Dollars ($75.00) at 363 Fulton street, Jamaica, L. I.   Value received.   This note is payable when Post Office Department accepts my building from me.      ·                    [Signed]   Henry E. Price."

The answer admits the making and delivery of the note as alleged, denies that plaintiff was an innocent holder for value before maturity, and, as a separate defense, alleges want of consideration.   The evidence clearly establishes that plaintiff was an innocent purchaser for value before maturity, and is entitled to recover if the note is a negotiable instrument.

I am of the opinion that the note must be construed to be a promise to pay absolutely in 90 days from date, and before 90 days if defendant received payment for his work from the government.   See McCarty v. Howell, 24 Ill. 342; Walker v. Woollen, 54 Ind. 164, 23 Am. Rep. 639; Cota v. Buck, 7 Metc. (Mass.) 588, 41 Am. Dec. 464. It is therefore a negotiable instrument, and the defenses set forth in the answer are not available to defendant as against plaintiff, an innocent holder for value.

The judgment should be affirmed.